IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JENNIFER MAY**   **PLAINTIFF**

**V.**   **CAUSE NO. 3:11-CV-665-CWR-FKB**

**UNIVERSITY OF MISSISSIPPI**   **DEFENDANT**
**MEDICAL CENTER**

## ORDER

Before the Court is the defendant's motion to dismiss for insufficiency of service. Docket No. 12. The plaintiff has not responded. After considering the record, arguments, and applicable law, the motion will be granted.

### I. Factual and Procedural History

Jennifer May filed this employment discrimination suit in October 2011. Docket No. 1. She claimed that while working at the University of Mississippi Medical Center (UMC) she was subject to discrimination, harassment, and retaliation which resulted in her termination in February 2010. *Id.* May's simultaneously-filed motion for leave to proceed *in forma pauperis* was granted the following month. Docket Nos. 2-3.

In October 2013 – 23 months later – the Magistrate Judge saw that nothing had happened in the case. He issued the following Text Order:

> My staff is directed to send another copy of the Order at Docket No. 3 to Plaintiff. Furthermore, the Clerk of Court is directed to mail to Plaintiff the appropriate summons forms as directed in the Order at Docket No. 3 and make an appropriate notation on the docket when the summons forms are sent.

Text Order of Oct. 9, 2013. The Clerk sent the summons forms and made the appropriate notation on the Court's electronic docket sheet.

Unfortunately, nothing happened in the case for another 12 months. The Magistrate Judge therefore issued an Order directing May to explain why service had not been effected within the 120-day period provided by Federal Rule of Civil Procedure 4(m). Docket No. 4. May responded with an apology and explanation: severe medical issues had prevented her from concentrating on this suit and other matters "for a lengthy period of time," she said. Docket No. 5. She was "at a stable period right now," though, and wanted to proceed with the case. *Id.*

The Magistrate Judge found that May's explanation failed to meet the "good cause" standard. Docket No. 6, at 2. "In an abundance of caution," though, he gave May an extension of time to fill out the summons form, and instructed May on how to proceed with service. *Id.* at 3.

May returned a completed summons form on either December 9 or 10, 2014; the record is not clear. Docket No. 7. The United States Marshal's Service served it on the Mississippi Attorney General's Office on January 12, 2015. Docket No. 8.

This motion followed. In it, UMC argues that dismissal is appropriate because May lacks good cause for an extension of time in which to complete service, among other reasons. Docket No. 13.

## II. Legal Standard

> Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. A discretionary extension may be warranted, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. . . .
>
> [W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. . . . A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better

serve the interests of justice. Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008) (quotation marks, citations, and brackets omitted). The heightened standard for dismissals with prejudice is applicable here, since May would probably not be able to refile her complaint within the statute of limitations.

## III. Discussion

This Court agrees with the Magistrate Judge that May lacks good cause for failing to serve UMC within 120 days.[1] There also is a clear record of delay. The principal question is whether any one of the aggravating factors described in *Millan* is present. A review of the arguments presented in UMC's motion – which necessarily could not have been briefed earlier in this case, since UMC had not been served – reveals that two of those factors are satisfied.

First, May caused the 12-month delay from October 2013 to October 2014.[2] "Plaintiff is *pro se* in this matter, thus delay cannot be attributed to counsel." *Fox v. United States*, No. 3:10-CV-126, 2011 WL 703726, at *4 (S.D. Miss. Feb. 2, 2011), *report and recommendation adopted,* No. 3:10-CV-126, 2011 WL 710146 (S.D. Miss. Feb. 17, 2011). That length of time with no activity in the case is sufficient to dismiss with prejudice. *See Millan*, 546 F.3d at 326-27 ("delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity"); *Thrasher v. City of*

---

[1] The Magistrate Judge acted with caution because May is proceeding *pro se*. However, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure. That pro se litigant is required to inform himself of the procedural rules and to comply with them." *Ekunwe v. BASF Catalysts LLC*, No. 3:11-CV-432, 2013 WL 4009200 (S.D. Miss. Aug. 5, 2013) (citations omitted).

[2] It is possible that the preceding 23-month delay could have been caused by a miscommunication within the Court itself: it is not clear if staff mailed May the *in forma pauperis* Order, Docket No. 3. That delay will not run against May.

3

*Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (affirming dismissal where plaintiff "did not properly serve Defendants until almost ten months after suit was filed").

Second, by now, UMC has suffered actual prejudice. It asserts that May was terminated five years ago and that her former supervisor is gone. May has not responded to the motion, but that timeline is consistent with the allegations in her complaint. Docket No. 1, at 2 ("I was terminated from my job in February 2010."). A five-year delay would certainly make it more difficult for UMC to defend itself. *See Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

On this record, a less severe sanction such as another warning or a fine would not serve the interests of justice. *See Bosworth v. Ford Motor Co.*, No. 2:12-CV-90, 2013 WL 1442039, at *2 (S.D. Miss. Apr. 9, 2013) ("Furthermore, Plaintiffs have already enjoyed multiple extensions of time, and the Court warned them on each occasion that failure to properly serve process would lead to dismissal of their case."). The failure to respond to the motion to dismiss suggests that May has not taken heed of the Court's earlier warnings that she needs to be fully engaged in this matter. *E.g.*, Docket No. 6, at 3 ("**It is Plaintiff's responsibility to prosecute this case.**"); *see Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) ("explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."). A monetary sanction, moreover, would be "fruitless" because May is proceeding *in forma pauperis*. *Thrasher*, 709 F.3d at 514. As this Court has explained before, "[t]here are pitfalls in litigation and these hazards can be difficult for *pro se* litigants to navigate. A *pro se* litigant's unfamiliarity with court proceedings does not relieve him of the duty to abide by

procedural rules, though." *Roberson v. United States*, No. 3:13-CV-346, 2014 WL 7149744, at *2 n.3 (S.D. Miss. Dec. 15, 2014) (quotation marks and citations omitted).

**IV.     Conclusion**

For these reasons, the case is dismissed without prejudice pursuant to Rule 4(m).

**SO ORDERED**, this the 7th day of April, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE